UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| F.F.T., LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-03027-RLY-MJD |
| | ) |
| THOMAS SEXTON PH.D., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO COMPEL**

This matter is before the Court on Plaintiff's motion to compel [Dkt. 100]. For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff seeks to compel Defendants FFT Partners, LLC ("Partners"), Functional Family Therapy Associates, Inc. ("INC"), and Thomas Sexton (collectively "Defendants") to provide complete responses to two of Plaintiff's document requests.[1] Document Request 33, which was served on each of the Defendants on November 22, 2019, reads as follows:

> **REQUEST NO. 33**: All documents concerning Defendant's application(s) for any federal trademark or service mark registration, including but not limited to all documents concerning the decision to file the application and all documents submitted to or received from the United States Patent and Trademark Office in connection with the application.

---

[1] Although the requests at issue also were served on Defendant Astrid Van Dam, Plaintiff does not move to compel further responses from her.

*See, e.g.*, [Dkt. 101-3 at 14].[2]  Defendants' initial responses to the request, dated January 10, 2020, read as follows:

> **RESPONSE:** Objection. Defendant objects to this request because it is overbroad and vague. Defendant further objects to this request because it does not limit in any way the possible creators of the requested documents, and because its temporal scope is unlimited. Defendant further objects to this request because it seeks information and documents protected from disclosure by the attorney-client privilege and the work-product doctrine. Subject to, and without waiving, the foregoing objections, Defendant will produce responsive documents, if any, on a rolling basis.

*See, e.g.*, [Dkt. 101-4 at 37]. On January 27, 2020, Defendants served a supplemental response to the request that changed the last sentence to read: "Subject to, and without waiving, the foregoing objections, Defendant does not possess any responsive documents." [Dkt. 101-5 at 17]. Since that date, Defendants have made supplemental productions of documents, but Plaintiff asserts that as of the filing of the instant motion "Defendants have produced zero documents in response to [Request] 33." [Dkt. 101 at 5.]

Plaintiff is skeptical of Defendants' claim that they have no documents responsive to this request because it has learned that Defendant Partners applied for and obtained federal registration of the service mark "FFT Partners." [Dkt. 101-27.] Documents relating to this application clearly are responsive to Request 33, and, Plaintiff argues,

> It is highly likely that Defendants have withheld other documents related to FFT Partners' federal application. The decision to file an application and the subsequent need for the applicant's input concerning the prosecution of the

---

[2] The Court notes that its review of the instant motion was made more cumbersome by counsel's failure to comply with Local Rule 5-6(a)(2), which requires "[e]ach electronically filed exhibit to a main document" to be "submitted as an attachment to the main document and given a title which describes its content," and Local Rule 5-1(b), which requires any brief that has four or more exhibits to "include a separate index that identifies and briefly describes each exhibit." Counsel are admonished to comply with these rules in all future filings.

>application was likely communicated between FFT Partners and its counsel in writing.

[Dkt. 101 at 14.]

Similarly, Plaintiff believes that Defendants have failed to produce all documents responsive to Request 96, which was served on each Defendant on February 27, 2020, and which reads:

>**REQUEST NO. 96:** All documents supporting or refuting your claim that "functional family therapy" is a generic phrase.

*See, e.g.*, [Dkt. 101-6 at 14.]   Each Defendant responded on March 30, 2020, as follows:

>Discovery is ongoing and is not yet complete. Responding Party reserves the right to supplement and/or amend this response.

*See, e.g.*, [Dkt. 101-7 at 12.]

Among the documents filed by Partners' counsel in conjunction with its service mark application is a document in which counsel Garry Founds (who also represents Defendants in this case) argues that the acronym "'FFT' is neither generic nor descriptive." [Dkt. 101-28.] Plaintiff notes that this "is exactly the type of document that [Request] 96" seeks.  Plaintiff believes that Defendants have withheld documents responsive to this request on the ground of attorney client privilege but have failed to produce a privilege log identifying them.  As a result of this failure, Plaintiff argues, Defendants have waived any applicable privilege and should be required to produce all responsive documents.[3]

---

[3] Defendants note that they produced 26 additional documents responsive to Request 96 during the course of the briefing of the instant motion.  [Dkt. 103 at 2.]

Defendants' response to Plaintiff's arguments is a bit perplexing.  First, Defendants note that the

> effort to re-search Defendants' respective files [in response to Plaintiffs' deficiency notices] has been made significantly harder because of the restrictions worldwide relating to the COVID-19 outbreak.  Dr. Sexton has been in Amsterdam, which has made review of documents and conferencing with counsel more difficult and time consuming.  Likewise, Ed Hayes is in New York, where stay-at-home orders have also made access to records harder.  Of note is the fact that Plaintiff served its second set of discovery requests containing Request 96 on February 27, 2020, and the stay-at-home orders nationwide began in mid-March.  Dr. Sexton, INC, and Partners updated their responses as more documents have been found.

[Dkt. 103 at 3.]  Defendants also note the proportionality requirement found in Federal Rule of Civil Procedure 26.  *Id.*  However, Defendants do not then argue that Plaintiff's requests impose a burden disproportionate to the needs of the case; nor do they argue that they need additional time to fully respond to the requests because of the difficulties caused by COVID-19.

Instead, Defendants' response with regard to Request 33 is two-fold.  First, Defendants argue that Plaintiff improperly seeks to compel responses from Defendants collectively regarding the service mark application filed by **Partners**.  Defendants take the position that only Partners may be compelled to produce documents related to Partners' application.  The Court agrees.  Request 33 is limited to documents related to "Defendant's application(s)."  While "Defendant" is defined in the requests to include the party to whom the request is directed as well as that party's "attorneys, representatives, agents, assigns, partners, anyone acting on his behalf, and any other related persons," *see, e.g.*, [Dkt. 101-3 at 1], Plaintiff has not demonstrated that any of the Defendants satisfy that definition with regard to any of the other Defendants.[4]  Accordingly, it

---

[4] Plaintiff notes that Defendant Sexton is the president of INC and a partner in Partners, and that INC is a part-owner of Partners.  This does not make either Sexton or INC the attorney,

was not unreasonable for each Defendant to limit their responses to Request 33 to documents related to any trademark application made by that Defendant. If only Partners made a trademark application, then only Partners was required to produce documents regarding that application.

Second, Defendants state that, despite Plaintiff's representation to the contrary, Partners and INC have, in fact, produced documents responsive to Request 33, that "documents relating to Partners' trademark applications . . . have been produced in discovery or appropriately logged on a privilege log," and that "[t]o its knowledge, Partners does not possess any additional documents which are non-privileged and responsive to this request that have not been produced." *Id.* at 6. However, Plaintiff represents that the documents referred to by Defendants do not relate to Partners' trademark application, but rather to a discussion of the possibility of a different trademark application that would have been made jointly between Partners and non-party New York Foundling.

With regard to Request 96, Defendants state that Plaintiff's motion is "moot" because "[t]o the extent Dr. Sexton, INC, and Partners have identified documents responsive to this Request since responding on March 30, 2020, each has produced them and appropriately logged withheld documents on a privilege log." [Dkt. 103 at 7.] However, Plaintiff notes that

---

representative, agent, assign, or partner of Partners for purposes of Partners' trademark application. Plaintiff argues in response that "[b]ecause of Defendants' intertwined relationship and, upon information and belief, the common control of INC and Partners, including by Defendant Sexton, it is highly likely that Dr. Sexton and INC have, or at least at one time had, copies of the FFT Partners' application or related documents in their possession, custody, or control." [Dkt. 104 at 6.] That argument ignores the plain language of Request 33, which is worded not in terms of trademark applications made by any of the Defendants, but rather applications made by the particular Defendant who is responding to the request or that Defendant's "attorneys, representatives, agents, assigns, partners, anyone acting on his behalf, and any other related persons."

Defendants have not produced the clearly responsive document Plaintiff identified from Partners' service mark application or any related document.

If Defendants' brief unequivocally stated that they had made a thorough search of all reasonably likely sources of responsive documents within their possession, custody, or control and had either produced or included on a privilege log all responsive documents they located, Plaintiff's motion would be denied. The Court can do no more than order Defendants to search for and produce non-privileged responsive documents; if Defendants have already done so, there is nothing more for the Court to do. At that point, given Plaintiff's identification of responsive documents that likely exist but have not been produced, Plaintiff would be entitled to conduct discovery into the nature and extent of Defendants' discovery response process in order to determine why documents relating to Partners' service mark application were not located. *See In re Caesars Entm't Operating Co., Inc.*, No. 15 B 1145, 2018 WL 2431636, at *13 (Bankr. N.D. Ill. May 29, 2018) ("Most courts . . . acknowledge that 'discovery about discovery' can be appropriate under certain circumstances[, such as] when one party's discovery compliance has 'reasonably [been] drawn into question,' *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2017 WL 1325344, at *8 (D. Colo. Jan. 3, 2017), so that there is 'an adequate factual basis' for an inquiry.") (citing *Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15 Civ. 0293 (LTS) (JCF), 2016 WL 3906712, at *7 (S.D.N.Y. July 14, 2016) (internal quotation omitted); *see also Korbel v. Extendicare Health Servs., Inc.*, No. 13-cv-2640 (SRN/SER), 2015 WL 13651194, at *15-16 (D. Minn. Jan. 22, 2015); *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 2:14-mn-02502-RMG, 2014 WL 12621613, at *1 (D.S.C. Nov. 13, 2014); *see generally* Hon. Craig B. Shaffer, *Deconstructing "Discovery about Discovery*," 19 Sedona Conf. J. 215, 220 (2018)).

Rather than making such an unequivocal representation, however, Defendants' brief leaves the impression that Defendants' search for responsive documents may be ongoing; the wording of the brief leaves just enough wiggle room that the Court is not convinced that the requisite thorough search has been completed.  While production of documents on a rolling basis can be appropriate under some circumstances, it is not clear if that is what Defendants are doing here.  If so, Defendants have not explained why it is appropriate or when they anticipate completing the process.  Accordingly, Plaintiff's motion to compel is **GRANTED** to the following extent: **Within 14 days of the date of this Order, each Defendant shall, with regard to Requests 33 and 96, (1) complete its search of all reasonably likely sources of responsive documents within that Defendant's possession, custody, or control; (2) produce all non-privileged responsive documents; and (3) produce a privilege log that identifies any documents withheld on privilege grounds.**  This includes documents in Defendants' counsel's possession, including any attorney who assisted with any trademark application.  *See Munive v. Town of Cicero*, 2016 WL 8673072, at *10 (N.D. Ill. Oct. 14, 2016), *report and recommendation adopted sub nom. Colon v. Town of Cicero*, No. 12 C 5481, 2017 WL 164377 (N.D. Ill. Jan. 17, 2017) (documents in files of counsel representing party in another matter are within client's possession, custody, or control for discovery purposes).  If there are locations that cannot safely be searched due to ongoing COVID-19 concerns, Defendants shall include an affidavit to that effect setting forth specific information about those locations.  Finally, because Defendants made only boilerplate objections in their original responses to Requests 33 and 96, Defendants have waived any those objections and therefore may not withhold any responsive documents on the basis of any objection other the privilege.  *See, e.g., Novelty, Inc. v. Mountain View Mktg.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009) ("'general objections' made without elaboration, whether placed

in a separate section or repeated by rote in response to each requested category, are not 'objections' at all—and will not be considered").

However, Plaintiff's motion to compel is **DENIED** to the extent that it seeks a ruling that Defendants' have waived their privilege objections. While, as recognized by both Plaintiff and Defendants, the failure to provide a privilege log can, under certain circumstances, lead to a privilege waiver, the Court does not find those circumstances to be present here. Rather, Defendants have explained that they did not initially withhold any documents on privilege grounds, so there was nothing to log. When they later located additional responsive documents and withheld some of them on privilege grounds, they provided the requisite log in a reasonably timely manner. No finding of waiver is appropriate at this time.

Finally, Defendants have redacted certain portions of documents they have produced because those portions are not responsive to the requests. Plaintiff asks the Court to compel Defendants to produce unredacted versions of the documents. That request is **GRANTED**. Relevance generally is not a sufficient reason to redact otherwise responsive documents. If a document contains unresponsive information that is particularly sensitive—for example, information that would violate a third-party's privacy—redaction or production under an attorneys' eyes only provision may be appropriate, but there is no indication that the information that has been redacted in this case is in that category. Defendants shall produce unredacted versions of the documents in question **within 14 days of the date of this Order**.

### Conclusion

For the reasons set forth above, Plaintiff's motion to compel [Dkt. 100] is **GRANTED IN PART** and **DENIED IN PART**. **Within 14 days of the date of this Order**, each Defendant shall, with regard to Requests 33 and 96, (1) complete its search of all reasonably likely sources

of responsive documents within that Defendant's possession, custody, or control; (2) produce all non-privileged responsive documents; and (3) produce a privilege log that identifies any documents responsive to those requests that were withheld on privilege grounds. In addition, Defendants shall produce unredacted versions of the documents they have produced in redacted form **within 14 days of the date of this Order**. Because this motion has been granted in part and denied in part, both parties' request for attorney fees is **DENIED**.

    SO ORDERED.

Dated:  15 JUN 2020

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.